**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                    CASES NO.  4:07cr51-RH/CAS
                                               4:10cv460-RH/CAS

RAYMOND THOMAS GOINGS, JR.,

       Defendant.

_____/


## ORDER DENYING THE § 2255 MOTION


The defendant Raymond Thomas Goings, Jr., has moved under 28 U.S.C.

§ 2255 for relief from his judgment of conviction.  The motion is before the court

on the magistrate judge's report and recommendation, ECF No. 96, and the

objections, ECF No. 99.

The objections were late, but this order grants Mr. Goings's motion to

extend the deadline and thus accept the objections as timely.

I have reviewed *de novo* the issues raised by the objections.  This order

accepts the report and recommendation and denies the § 2255 motion.

On the morning of his scheduled trial, Mr. Goings pleaded guilty to

possessing with intent to distribute cocaine and crack cocaine.  The defendant

unequivocally admitted under oath at the plea colloquy that his offense involved at

least 50 grams of crack.  Indeed, Mr. Goings was arrested with 82 grams of crack

in his possession, as weighed at a crime laboratory long after the arrest. The

government's exhibit list for trial included the crack.

Mr. Goings had a prior drug felony conviction, as he also admitted at the

plea colloquy. For a defendant with a prior drug felony conviction who committed

an offense involving more than 50 grams of crack, the minimum mandatory

sentence was 20 years in prison. Mr. Goings was so advised at the plea colloquy.

He entered the plea and ultimately was sentenced to 20 years in prison.

Mr. Goings now claims that the crack was wet and that its dry weight would

have been under 50 grams. But the assertion is factually and legally incorrect. Mr.

Goings told officers when he was in possession of 81 grams of crack. The

government's statement of facts, as tendered at the time of the plea, reported the

weight as 87.7 grams as measured by law enforcement officers at the time of arrest

and 82 grams at the lab—measurements that could reasonably be attributed to the

drying of the drugs from the time of arrest until arrival at the lab but that are

wholly inconsistent with any claim that the weight was under 50 grams. Even if

wet at the time of arrest, the crack would not have been wet by the time the crack

made it to the laboratory. And in any event, the difference in wet and dry weight is

not as much as Mr. Goings now claims.

Mr. Goings surely knew how much crack he had; crack is sold by weight.

Mr. Goings himself testified at the plea colloquy that he possessed at least 50

grams of crack. Nobody questioned this because the government had the crack on its exhibit list and the lab report was unassailable. Moreover, as correctly noted in the report and recommendation, the relevant measure is the weight of the crack, wet or dry. Mr. Goings's belated assertion that he did not possess 50 grams of crack is contrary to his own testimony at the plea colloquy and provides no basis for relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on November 26, 2013.

s/Robert L. Hinkle
United States District Judge